IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 05-cv-02268-PSF-CBS

VALERIE L. JONES et al.,
    Plaintiff,

v.

MAURICE HAGA et al.,
    Defendant,

## ORDER

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on: (1) Defendants Margo Langley ("Langley") and Allyson Bradley's ("Bradley") Motion to Require Security for Costs from Plaintiff John I. O'Hagan Ward ("Ward") (Doc. # 56), filed on February 15, 2006, and (2) Defendant Blaine Hall's ("Hall") Motion to Require Security for Costs from Ward (Doc. #105), filed on March 21, 2006. The court has reviewed the motions, Ward's responses (Doc. # 84 and #134), Defendants Langley and Bradley's Reply (Doc. #103), the entire case file, and the applicable law and is fully advised in the premises.

### BACKGROUND

    Plaintiffs Valerie L. Jones ("Jones"), Bennett M. Hodgins ("Hodgins"), Ward and Park Avenue Dance Works ("PADW") filed a Complaint on November 9, 2005, seeking damages for violation of Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. (Compl. ¶ 1). The context of Plaintiffs' Complaint stem from the operation of PADW and an alleged sexual


encounter involving Jones, Hodgins, and Ward. (Amd. Compl. ¶ 29-49). Hodgins faced a criminal complaint which was eventually dismissed and Ward pleaded "no contest" to two non-sexual counts of "Contributing to the Delinquency of a Minor" and one non-sexual count of "Harassment." (Amd. Compl. ¶ 98 & 100). At the time of the filing of the original Complaint, Ward was a citizen of the United Kingdom and the Republic of Ireland and a resident and domiciliary of Jalisco, Mexico. (Amd. Compl. ¶ 6). At all times material to the issues presented in the original Complaint, Ward was a legal permanent alien and resident of the State of Colorado, City of Montrose. (Amd. Compl. ¶ 6).

On February 15, 2006, Defendants Langley and Bradley filed a Motion to Require Security for Costs, pursuant to COLO. REV. STAT. §§ 13-16-101 and 13-16-102, seeking a court order that Ward post security for costs in the amount of $50,000, or such other amount as the Court may determine appropriate given the circumstances of the case. (Doc. # 56). Langley and Bradley cited the substantial expense they are likely to incur through nearly two-dozen depositions and expert witness fees. On March 7, 2006, Ward filed a Response in Opposition to Defendants Langley and Bradley's Motion to Require Security for Costs. (Doc. #84). Ward cited his compliance with conditional release imposed in his criminal case, including posting a $300,000 property bond for bail. On March 20, 2006, Defendants Langley and Bradley filed a Reply in Support of their Motion to Require Security for Costs. (Doc. #103). Langley and Bradley claim that Ward does not provide any substantial willingness to readily pay any costs which might be assessed against him in the event he should be unsuccessful in his claim.

On March 21, 2006, Plaintiff Hall filed an additional Motion to Require Security for Costs, pursuant to COLO. REV. STAT. §§ 13-16-101 and 13-16-102, seeking an order that Ward

post security for costs in the amount of $50,000, or such other amount as the Court may determine appropriate given the circumstances of the case. (Doc. #105). Hall expounded on the reasons cited in Langley and Bradley's Motion to Require Security for Costs, referenced his pending motion to dismiss, and argued that the statute of limitations on Ward's tort claim and intentional interference with contractual relations claim have run. On April 7, 2006, Ward filed a Response in Opposition to Defendant Hall's Motion to Require Security for Costs. (Doc. #134). Ward reiterated his compliance in his criminal case and stated that a $50,000 cost bond was an "exorbitant amount" that was unreasonable.

## ANALYSIS

The Federal Rules of Civil Procedure do not require nonresident litigants to post cost bonds, and the United States District Court for the District of Colorado has not promulgated a local rule governing such bonds. Nonetheless, C.R.S. § 13-16-102 requires a cost bond for nonresident plaintiffs. The United States District Court has discretion in determining whether a nonresident plaintiff should post a cost bond. *See National Distillers Products Corp. v. Hindech*, 10 F.R.D. 229, 230 (D. Colo. 1950) (even though a United States district court may look to state practice regarding cost bonds, it is under no compulsion to do so); *see also Paramount Film Distributing Corp. v. Civic Center Theatre*, 333 F.2d 358 (10th Cir. 1964) (the Tenth Circuit Court of Appeals, in construing Utah law in a federal question jurisdiction case, held that the matter of whether to require a pre-judgment cost bond in federal court is within the trial court's discretion).

Factors which the Court may consider in determining whether to grant a motion to require posting of a cost bond include: (1) the merits of the plaintiff's claims; (2) the ability or willingness

of plaintiff to pay any costs which might be assessed; and (3) substantial costs which might be incurred by defendant in preparation for trial. *Soo Hardwoods, Inc. v. Universal Oil Products*, 493 F. Supp. 76, 77 (W.D. Mich. 1980) (cited with approval in *Piallat v. Replogle*, 125 F.R.D. 165, 166 (D. Colo. 1989) and *Radoshevich v. Central Bank of Colorado Springs*, 117 F.R.D. 434, 435 (D. Colo. 1987)).

First, the Court can reach no conclusions about the merits of Ward's claims in advance of a ruling on the pending motions to dismiss. Second, the Defendants have presented no evidence in support of their conclusory assertion that Ward is unable to pay costs assessed. The Court has not been provided with any evidence that indicates there is cause for concern regarding Ward's ability to pay any potential costs of the litigation. *See Piallat,* 125 F.R.D. at 166 (the plaintiff was not required to post a cost bond where there was no indication that she would be unable to pay any costs which might be assessed against her). Nor does the burden of establishing the ability to pay potential costs of litigation fall on a nonresident plaintiff.

Third, the Defendants have not provided the Court with a showing the would support a $50,000 cost bond. Costs as defined under 28 U.S.C. § 1920 only include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 28 U.S.C. § 1828. Defendants' costs for depositions and expert witness fees would not be included under § 1920. At this time, the Court is hard-pressed to see how statutory costs would approach the requested amount of $50,000.

As a practical matter, given the scheduling order and pending motions to dismiss, a motion to require security for costs is premature. The parties have participated in a scheduling conference and established deadlines for discovery; the discovery cut-off is November 7, 2006. For purposes of efficient case management, it seems reasonable to assume that initial written discovery will precede any depositions in this case. Hence, the Defendants' request for a cost bond to cover depositions that will not be taken until some future time is premature.

## CONCLUSION

Accordingly, IT IS ORDERED that Defendants' respective Motions to Require Security for Costs (Docs. #56 and #105) are DENIED without prejudice with a leave to re-file on a more detailed factual showing.

DATED at Denver, Colorado, this 13th day of April, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge