IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02268-PSF-CBS

VALERIE L. JONES, as an individual, as a co-owner and operator of PARK AVENUE DANCE WORKS, INC.;
JOHN I. O'HAGAN WARD, as an individual, as a co-owner and operator of PARK AVENUE DANCE WORKS, INC.;
BENNETT M. HODGINS, as an individual; and
PARK AVENUE DANCE WORKS, INC., as a corporation,

    Plaintiffs,

v.

MAURICE HAGA, as an individual;
JACQUELINE HAGA, as an individual;
MARISA HAGA, as an individual;
A.H., as an individual;
GENEVIEVE JASLOWSKI, as an individual;
RUSSELL HARVEY, as an individual;
MARGO LANGLEY, as an individual;
ALLYSON BRADLEY, as an individual;
JANYNE MARULLO, a/k/a JANYNE YEHLING, as an individual;
TIM FRATES, as an individual and in his official capacity as General Manager of the Montrose Daily Press;
CATHERINE FRATES, as an individual;
SCOTT SCHWEBKE, as an individual and in his official capacity as Senior Writer for the Montrose Daily Press;
STEVEN WOODY, as an individual and Publisher of the Montrose Daily Press;
THE MONTROSE DAILY PRESS, as a subsidiary of WICK COMMUNICATIONS CO.;
CITY OF MONTROSE and MONTROSE POLICE DEPARTMENT, as an agency of the City of Montrose;
BLAINE HALL, as an individual and in his official capacity as a police officer of the Montrose Police Department,

    Defendants.

## ORDER ON ATTORNEYS' FEES

This matter is before the Court on the following motions: Defendants Maurice, Jacqueline and Marisa Haga's and A.H.'s (collectively, the "Haga Defendants") Motion for Attorney Fees (Dkt. # 199) and Defendants Montrose Daily Press, Tim Frates, Catherine Frates, Scott Schwebke and Stephen Woody's (collectively, the "Daily Press Defendants") Unopposed Motion to Bifurcate Request for Attorneys Fees (Dkt. # 221). The Daily Press Defendants had also filed a Motion for Reasonable Attorneys' Fees (Dkt. # 201). However, they subsequently filed a Motion to Withdraw their Motion for Fees (Dkt. # 229), which the Court granted (Dkt. # 230); accordingly, the Daily Press Defendants' Motion for Fees is no longer before the Court. Having reviewed the submissions of counsel, the Court now enters the following Order as to the remaining motions.

**I. BACKGROUND**

On July 17, 2006, this Court issued an Order on Pending Motions (Dkt. # 196), dismissing the case in its entirety. In that Order, the Court granted Defendant City of Montrose's Motions to Dismiss (Dkt. ## 70 and 171), dismissing plaintiffs' eighth claim for relief for failure to state a claim pursuant to F.R.Civ.P. 12(b)(6). The eighth claim was the sole federal claim before the Court, and the Court determined in that order not to exercise supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(c), dismissing without prejudice all pendent state claims. *Id.* at 13-16. All other pending motions were denied as moot. *Id.* at 17.

**II. MOTION FOR FEES**

The Haga Defendants seek an award of attorneys' fees incurred in defense of plaintiffs' state law claims pursuant to C.R.S. § 13-17-201, which provides for the recovery of attorneys' fees by a defendant whose Rule 12(b) motion results in the dismissal of a tort claim prior to trial.  The Haga Defendants also seek an award of attorneys' fees incurred in defense of plaintiffs' federal claim pursuant to 42 U.S.C. § 1988, under which a prevailing party may recover fees where a federal § 1983 claim is deemed frivolous, vexatious, unreasonable, groundless, or in bad faith.  *See Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983); *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006).

**A. Attorneys' Fees Pursuant to C.R.S. § 13-17-201 for State Law Claims**

A federal court exercising jurisdiction over pendent state law claims must apply the substantive law of the forum state.  *Lytle v. City of Haysville, Kan.,* 138 F.3d 857, 868 (10th Cir. 1998).  The Tenth Circuit has held that state attorneys' fee statutes are substantive law for diversity as well as pendent jurisdiction purposes.  *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000).  Therefore, with respect to attorneys' fees for the claims based on state law, this Court will consult Colorado law.

Specifically, the relevant Colorado statute provides that "[i]n all actions . . . occasioned by the tort of any other person, where any such action is dismissed on a motion of the defendant . . . under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the

action."[1]  C.R.S. § 13-17-201.  The burden of proof rests on the party requesting an award to show by a preponderance of the evidence that he or she is entitled to an award.  *Haynes v. City of Gunnison*, 214 F. Supp. 2d 1119, 1120 (D. Colo. 2002) (citing *Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 383 (Colo. 1994)).

Section 13-17-201 was enacted to discourage unnecessary litigation of tort claims.  *See e.g. Employers Ins. of Wausau v. RREEF USA Fund-II (Colorado), Inc.*, 805 P.2d 1186, 1188 (Colo. App. 1991).  The statute has been narrowly construed by courts interpreting it.  *See Zerr v. Johnson*, 905 F. Supp. 872, 874 (D. Colo. 1995), *aff'a*, 120 F.3d 272 (10th Cir. July 29, 1997) (Table) (denying request for fees following a stipulated dismissal under Rule 12(b), even though parties expressly agreed to give the stipulated dismissal the same effect as if it had been granted on the merits); *Jaffe v. City & County of Denver*, 15 P.3d 806, 814 (Colo. App. 2000) (requiring that entire tort action, and not single tort claim, be dismissed to justify fees award); *First Interstate Bank of Denver, N.A. v. Berenbaum*, 872 P.2d 1297, 1301-02 (Colo. App. 1993) (requiring that entire action be dismissed pursuant to Rule 12(b) and not on other grounds in order for defendant to recover fees); *Wausau*, 805 P.2d at 1188 (finding

---

[1] Although the Colorado statute specifically provides for attorneys' fees where an action is dismissed under Colorado Rule of Civil Procedure 12(b), the Tenth Circuit has applied the statute where a federal court dismisses a pendent state claim pursuant to Federal Rule of Civil Procedure 12(b). *Jones*, 203 F.3d at 757 n.6.  This Court of course will follow the binding precedent set in *Jones*; however, the Court notes that *Jones* did not detail why such a state statute, which awards attorneys' fees based on dismissal under a state procedural rule, should also govern dismissals under an analogous rule of federal procedure consistent with *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).  However, the Tenth Circuit has provided the following analysis in *Hardware Dealers Mut. Fire Ins. Co. v. Smart*, 293 F.2d 558, 560 (10th Cir. 1961):  "In diversity actions a federal court is but another local forum and the right to recover is measured by the law of the state.  In actions to determine state-created rights, the outcome should be substantially the same insofar as legal rules are concerned, as if the case had been tried in a state court." (Citations omitted).  The same analysis applies to pendent jurisdiction over state law claims based on applicable Tenth Circuit precedent.

the statute applies only to pretrial dismissals under Rule 12(b) and holding that a plaintiff may avoid liability for attorneys' fees by seeking voluntary dismissal or confession of judgment after the defendant has filed a Rule 12(b) motion to dismiss). Thus, under the applicable precedent cited above, a defendant must prevail on the entire action as to that defendant under Rule 12(b), and on no other grounds, in order to recover fees.

Dismissing a pendent state claim based on a determination not to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) is not equivalent to dismissing that claim pursuant to Rule 12(b). Unlike a dismissal under Rule 12(b), a dismissal under 28 U.S.C. § 1367 is discretionary. Here, no state claims against the Haga Defendants were dismissed under Rule 12(b). All the state claims were dismissed without prejudice, but could have been adjudicated in this Court. In such circumstances, the Haga Defendants have not established an entitlement to fees under C.R.S. § 13-17-201.

The Haga Defendants argue that *Brammer-Hoelter v. Twin Peaks Charter Academy*, 81 F. Supp. 2d 1090 (D. Colo. 2000), and *Jones*, *supra*, support their entitlement to attorneys' fees. These cases are distinguishable on their facts, however, as neither involved a dismissal pursuant to 28 U.S.C. § 1367. *See Brammer-Hoelter*, 81 F. Supp. 2d at 1102-03 (attorneys' fees awarded to one defendant where entire action against that defendant was dismissed pursuant to Rule 12(b)(1)); *Jones*, 203 F.3d at 757 (entire action dismissed pursuant to Rule 12(b)(6)). The Haga Defendants have not shown an entitlement to fees under C.R.S. § 13-17-201. This is especially

true in light of both the purpose of the statute and its narrow construction, as noted above.

### B. Attorneys' Fees Pursuant to 42 U.S.C. § 1988 for Federal Claims

In any action brought under 42 U.S.C. § 1983, a court may award the prevailing party reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b) where the plaintiff's action is determined to be "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley*, 461 U.S. at 429 n.2; *Steinert*, 440 F.3d at 1222.  In other words, the plaintiff's action "'must be meritless in the sense that it is groundless or without foundation.'" *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058 (10th Cir. 2004), *cert. denied*, 125 S.Ct. 2694 (2005) (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  Similarly, a defendant may be awarded fees where the plaintiff continued to litigate after a claim clearly became groundless or without foundation.  *Christianburg Garment Co.*, 434 U.S. at 422.  The defendant is not required to show subjective bad faith on the part of the plaintiff.  *Id.* at 421.

When deciding whether to award fees under § 1988, a court must avoid engaging in *post hoc* reasoning, so a claim dismissed on motions is not automatically groundless or without foundation.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1513 (10th Cir. 1995).  This standard for fees is difficult to meet, as it is rarely the case that an action is sufficiently frivolous to justify imposing fees on a plaintiff.  *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1203 (10th Cir. 2000).  If a court chooses to award fees, the moving party has the burden to establish the reasonableness of each dollar and each hour.  *Bangerter*, 61 F.3d at 1510.

The Haga Defendants seek attorneys' fees incurred in defense of plaintiffs' federal claim pursuant to 42 U.S.C. § 1988.  In their original complaint, plaintiffs brought two § 1983 claims, only the first of which is relevant here.  Plaintiffs' first § 1983 claim for relief named four defendants, including A.H., one of the Haga Defendants.  Orig. Compl. at 33 (Dkt. # 1).  Plaintiffs filed an amended complaint on February 13, 2006, which included the § 1983 claim against A.H.  Am. Compl. at 39-42 (Dkt. # 52).  Nowhere in the complaint did plaintiffs allege that A.H., a private minor individual, acted under color of state law.

On March 14, 2006, plaintiffs filed a Stipulation of Dismissal of Party (Dkt. # 98), dismissing the first § 1983 claim against two of the four defendants, Dominic Mattvi and Matt Carrington, who were the only two state actors named in that claim.  *See* Order Re: Stipulation for Dismissal (Dkt. # 99) (dismissing with prejudice claims against Defendants Mattivi and Carrington).  The Haga Defendants filed a motion to dismiss on April 6, 2006 (Dkt. # 127), arguing that plaintiffs do not "allege A.H. entered into an agreement with a state actor to deprive Plaintiff Hodgins of his constitutional rights or acted under color of state law," and that no basis remained for the claim against A.H. after the dismissal of the state actors (Defendants Mattivi and Carrington).  Haga Def. Mot. to Dism. at 9-10.

On April 25, 2006, plaintiffs sought to file a second amended complaint in order to replace the federal claim against A.H. with a state law claim, explaining that "Plaintiffs no longer ha[d] a basis for a § 1983 claim against A.H."  Pls.' Am. Mot. for Leave to File Second Am. Compl. at 3 (Dkt. # 144).  Less than a week later, on May 1,

7

2006, plaintiffs filed an Opposition to the Haga Defendants' Motion to Dismiss, arguing that the § 1983 claim against A.H. was proper because she had acted under color of state law. Pls.' Opp. at 17-20 (Dkt. # 149). The Haga Defendants filed a reply brief on May 16, 2006 (Dkt. # 156).

On June 6, 2006, plaintiffs' Second Amended Complaint was accepted for filing. It replaced the § 1983 claim against A.H. with a state law claim. Sec. Am. Compl. at 39-41 (Dkt. # 165). Thus, the § 1983 claim against A.H. no longer existed as of June 6, 2006. The Haga Defendants filed a Supplemental Motion to Dismiss on June 16, 2006 (Dkt. # 174), addressing the state law claims in the Second Amended Complaint.

The Court finds that plaintiffs' § 1983 claim against A.H. was frivolous and groundless upon the filing of the Haga Defendants' Motion to Dismiss on April 6, 2006. In that motion, the Haga Defendants put plaintiffs on notice that there was no basis for the § 1983 claim against A.H., a private minor individual, especially after the prior dismissal of the state actors. *See Lee v. Town of Estes Park*, 820 F.2d 1112, 1114 (10th Cir. 1987) (private individuals in a proper case may be held liable under § 1983, but only where it is "shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State"). Plaintiffs indeed conceded this point on April 25, 2006, but persisted in filing an opposition to the Haga Defendants' motion to dismiss, arguing that the § 1983 claim was not groundless. Because plaintiff conceded that the claim was groundless and then continued to litigate the claim, A.H. is entitled to attorneys' fees in defending the

§ 1983 claim from April 6, 2006 until the claim was replaced on June 6, 2006 —

essentially the cost of preparing the reply brief, filed May 16, 2006. Counsel for A.H.

are instructed to file a request for fees associated with this specific time period within

ten days of the date of this Order.

### III.  CONCLUSION

For the foregoing reasons, the Court enters the following Order:

1) The Haga Defendants' Motion for Attorney Fees (Dkt. # 199) is GRANTED in part and DENIED in part, as set forth above. Counsel for A.H. shall file the detailed information upon which her fee request is based for defense of the federal claim from April 6, 2006 to June 6, 2006 within ten days of the date of this Order. Plaintiffs' response, if any, is due ten days thereafter.

2) The Daily Press Defendants' Unopposed Motion to Bifurcate Request for Attorneys Fees (Dkt. # 221) is DENIED as moot.

DATED:  February 2, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge