IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02268-PSF-CBS

VALERIE L. JONES, as an individual, as a co-owner and operator of PARK AVENUE DANCE WORKS, INC.;
JOHN I. O'HAGAN WARD, as an individual, as a co-owner and operator of PARK AVENUE DANCE WORKS, INC.;
BENNETT M. HODGINS, as an individual; and
PARK AVENUE DANCE WORKS, INC., as a corporation,

    Plaintiffs,

v.

MAURICE HAGA, as an individual;
JACQUELINE HAGA, as an individual;
MARISA HAGA, as an individual;
A.H., as an individual;
GENEVIEVE JASLOWSKI, as an individual;
RUSSELL HARVEY, as an individual;
MARGO LANGLEY, as an individual;
ALLYSON BRADLEY, as an individual;
JANYNE MARULLO, a/k/a JANYNE YEHLING, as an individual;
TIM FRATES, as an individual and in his official capacity as General Manager of the Montrose Daily Press;
CATHERINE FRATES, as an individual;
SCOTT SCHWEBKE, as an individual and in his official capacity as Senior Writer for the Montrose Daily Press;
STEVEN WOODY, as an individual and Publisher of the Montrose Daily Press;
THE MONTROSE DAILY PRESS, as a subsidiary of WICK COMMUNICATIONS CO.;
CITY OF MONTROSE and MONTROSE POLICE DEPARTMENT, as an agency of the City of Montrose;
BLAINE HALL, as an individual and in his official capacity as a police officer of the Montrose Police Department,

    Defendants.

---

## ORDER GRANTING ATTORNEYS' FEES

---

This matter is before the Court on Haga Defendants'[1] Request for Attorney Fees Pursuant to Order Dated February 2, 2007 (Dkt. # 232), filed on February 12, 2007. On February 2, 2007, this Court issued an Order on Attorneys' Fees (Dkt. # 231), denying the Haga Defendants' claim for attorneys' fees under C.R.S. § 13-17-201 and granting in part the Haga Defendants' claim for attorneys' fees under 42 U.S.C. § 1988. The Court ruled that Defendant A.H. is "entitled to attorneys' fees in defending the § 1983 claim from April 6, 2006 until the claim was replaced on June 6, 2006—essentially the cost of preparing the reply brief [in support of a motion to dismiss], filed May 16, 2006." Order at 8–9. In accordance with that Order, A.H. then filed the underlying motion requesting fees incurred in preparing the reply brief. Plaintiffs filed a response on February 22, 2007 (Dkt. # 234). Having reviewed the submissions of counsel, the Court now enters the following Order.

**I.   REQUEST FOR ATTORNEYS' FEES**

A.H. requests $2,213.44 in attorneys' fees incurred in the preparation of the reply brief specified in the Court's prior Order. A.H.'s counsel have submitted billing entries related to the defense of the § 1983 claim for the relevant time period, from April 6, 2006, to June 6, 2006, including a summary chart of billing entries related to the reply brief as well as the complete billing records for the relevant time period. Exs. A and B to Def.s' Mot.

---

[1] The "Haga Defendants" include Defendants Maurice Haga, Jacqueline Haga, Marisa Haga and A.H.

The requested fees fall into two groups: (1) entries wholly attributable to the preparation of the reply brief, and (2) entries partially attributable to the preparation of the reply brief. There are seven separate entries wholly attributable, for a total of 8.70 hours and $1,544.00 in attorneys' fees. Four other entries, totaling 13.15 hours and $2,677.75 in fees, are only partially attributable to preparation of the reply brief. These entries reflect billing for time spent working on two motions: the reply brief and a response to plaintiffs' motion to amend. A.H.'s counsel estimate the reply brief required one-third as much time as the other pleading noted in these billing entries (Def.'s Mot. at 3) and request only 25% of these partially attributable fees, totaling $669.44. In sum, A.H. requests $1,544.00 in fees for entries wholly attributable to the reply, plus $669.44 in fees for entries partially attributable to the reply, for a total of $2,213.44.

Plaintiffs dispute the requested amount of attorneys' fees as excessive, duplicative, improperly "block billed" and otherwise insufficiently justified. More specifically, plaintiffs object to the partially attributable billing entries as being "based on speculation rather than actual records." Pl.s' Resp. at 3. In general, plaintiffs contend that the submitted billing records do not satisfy the "meticulous" time records standard required for fee awards. They also object to the request as improperly showing "actual" time spent on a task rather than "reasonable" time spent. *Id.* at 4.

## II.     ANALYSIS

Courts begin the analysis of determining the reasonable fee by calculating the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation is

presumed to reflect a reasonable fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The court may reduce the calculated amount for hours that were not "reasonably expended" or when documentation of hours is inadequate. *Hensley*, 461 U.S. at 434. In *Ramos v. Lamm*, the Tenth Circuit provided specific guidance for awarding attorneys' fees under § 1988, stating that parties seeking fees:

> must keep meticulous, contemporaneous time records to present to the court upon request. These records must reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks—for example, how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on.

713 F.2d 546, 553 (10th Cir. 1983). The requesting party must "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

The Tenth Circuit has discouraged attorneys who wish to recover fees from utilizing the practice of block billing because it "does not precisely delineate 'how . . . hours were allotted to specific tasks.'" *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000) (quoting *Ramos*, 713 F.2d at 553) (alteration in original). Moreover, "a district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Robinson* 160 F.3d at 1281 (quoting *Ramos*, 713 F.2d at 553). However, there is no rule "mandating reduction or denial of a fee request" when the billing records reflect block billing. *Cadena*, 224 F.3d at 1215.

In this case, the Court finds that A.H.'s attorneys kept sufficiently "meticulous" records of their time to justify the requested award, which includes only 25% of the fees for the time that was block billed.  A.H. has essentially recognized that the recoverable fee is subject to a reduction because of the block billed entries and, as noted above, is requesting fees for only one-fourth of the time reflected in those entries, which relate to work performed on both the reply brief and one other legal document.  Moreover, the entries reflect the specific tasks being performed, *e.g.*, legal research, drafting the reply brief, or reviewing and revising the reply brief.  See Ex. B to Def.s' Mot. at 9–10.

In addition, although three attorneys contributed to the brief, the majority of the drafting work was performed by one attorney—who, incidentally, had the lowest billing rate of the three—and the work performed by the attorney with the highest billing rate was limited to reviewing and revising the draft.  *Id.*; Ex. A to Def.'s Mot.  This indicates that the work done by the various attorneys was not redundant.  Finally, the Court notes that the reply brief itself reflects substantial legal work.  It runs 15 pages, is well organized, and contains significant legal analysis.  Based on the content of the brief, a request for fees for approximately 12 hours of billed time for this document appears more than reasonable.

In sum, there is no indication that the hours for which fees are requested were "excessive, redundant, or otherwise unnecessary."  *Robinson*, 160 F.3d at 1281. Accordingly, the Court concludes that the full amount requested, $2,213.44, is reasonable under 42 U.S.C. § 1988.

**III.     CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Haga Defendants' Request for Attorney Fees Pursuant to Order Dated February 2, 2007 (Dkt. # 232) is GRANTED in its entirety.  A.H. is awarded attorneys' fees in the requested amount of $2,213.44.

DATED:  May 24, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge